### In re NORTH SHORE MARINE, INC., Bankrupt.

### Michael L. RALPH, Trustee, Plaintiff,

### v.

### EMERALD CITY CORP., Edward T. Poloway, Jeffrey Frederiksen, Helen Frederiksen, Frank Siefert, Peter Moros and Bank of Waukegan, Defendants.

### Bankruptcy No. 79 B 7348.

United States Bankruptcy Court, N. D. Illinois, E. D.

March 9, 1982.

John Hough, Chicago, Ill., pro se.

Mark Schiff, Chicago, Ill., for movants.

### ORDER

LAWRENCE FISHER, Bankruptcy Judge.

This matter comes on to be heard upon the Motion of Jeffrey E. Frederiksen, Helen R. Frederiksen and Emerald City Corporation to Disqualify the law firm of Howington, Elworth, Osswald and Hough from further representing Edward T. Poloway, and

---

the Answer of John Hough of the law firm of Howington, Elworth, Osswald and Hough to said Motion, and upon the Motion of John Hough for Disciplinary Action against Jeffrey E. Frederiksen, Helen R. Frederiksen and Emerald City Corporation pursuant to Rule 11 of the Federal Rules of Civil Procedure. The Court has examined the pleadings filed in this matter, and has heard the arguments of counsel, and the Court is fully advised in the premises.

On October 23, 1980, Michael Ralph, Trustee for the bankrupt estate of North Shore Marine, Inc., filed a Complaint for Accounting and Turnover against the above-captioned Defendants. He alleges that all of the Defendants were involved in the daily operation of North Shore Marine, Inc. Defendants, Jeffrey E. Frederiksen and Emerald City Corporation, filed a Cross-claim against Defendant, Edward T. Poloway. Edward T. Poloway as Cross-defendant answered the Cross-claim and also filed a Cross-claim against Jeffrey E. Frederiksen and Emerald City Corporation.

Subsequently, Jeffrey E. Frederiksen, Helen R. Frederiksen and Emerald City Corporation moved to disqualify John Hough and the law firm of Howington, Elworth, Osswald and Hough from representing Edward T. Poloway. They alleged that the continued representation of Edward T. Poloway by said firm constitutes a violation of Canons 4, 5, and 9 of the Code of Professional Responsibility.

These Canons provide as follows:
Canon 4
A lawyer should preserve the confidences and secrets of a client.
Canon 5
A lawyer should exercise independent professional judgment on behalf of a client.
Canon 9
A lawyer should avoid even the appearance of professional impropriety.

This Court finds that continued representation of Edward T. Poloway by John Hough and the law firm of Howington, Elworth, Osswald and Hough would not constitute a violation of the Code of Professional Responsibility.

An involuntary petition in bankruptcy was filed against the Bankrupt, North Shore Marine, Inc. on August 10, 1979. Prior to October 14, 1978, Edward T. Poloway was the sole shareholder of North Shore Marine, Inc. On October 14, 1978, all of the assets and a small percentage of the stock of North Shore Marine, Inc. were sold to Emerald City Corporation. Jeffrey E. Frederiksen and Helen R. Frederiksen were the principal operating officers of Emerald City Corporation. In addition, it appears that pursuant to a voting trust agreement, Jeffrey E. Frederiksen became voting trustee for the stock held by Edward T. Poloway which constituted 90% of the outstanding shares of stock of North Shore Marine, Inc.

It further appears that on or about October 14, 1978 North Shore Marine, Inc. and Emerald City Corporation entered into an agreement whereby Emerald City Corporation was engaged to act as the sole agent responsible for managing and operating the business of North Shore Marine, Inc. Thereafter, Jeffrey E. Frederiksen acted as President of North Shore Marine, Inc. Emerald City Corporation in its capacity as manager of North Shore Marine, Inc. employed several persons, including Edward T. Poloway, to assist in the operation of the affairs of North Shore Marine, Inc.

Prior to October 14, 1978, John Hough represented both Edward T. Poloway and North Shore Marine, Inc. in various matters including several suits pending in the Circuit Court of Lake County, Illinois. John Hough continued to act as the attorney of record for Edward T. Poloway and North Shore Marine, Inc. in these suits for a period of time subsequent to October 14, 1978. Emerald City Corporation and Jeffrey E. Frederiksen contend that after October 14, 1978 they retained John Hough as their attorney to pursue their interest in the Circuit Court litigation in which North Shore Marine, Inc. was named a party. John Hough denies that he represented said parties. John Hough maintains that attorneys for Emerald City Corporation and Jeffrey

E. Frederiksen requested that he continue to represent North Shore Marine, Inc. in the Circuit Court matters; that said request was made by Emerald City Corporation in its capacity as managing agent of North Shore Marine, Inc. and by Jeffrey E. Frederiksen in his capacity as President of North Shore Marine, Inc., and not in their individual capacities. He agreed to continue to represent North Shore Marine, Inc. in the Circuit Court matters so long as no conflict of interest was created with his client, Edward T. Poloway.

John Hough, in his Answer to the Motion to Disqualify, states that on or about May 12, 1979 Jeffrey E. Frederiksen delivered to Edward T. Poloway a letter of termination. Thereafter, John Hough indicated to Jeffrey E. Frederiksen that since the letter created a conflict of interest he could no longer represent North Shore Marine, Inc., and that he would henceforth represent only Edward T. Poloway.

Thereafter, a lawsuit was commenced in the Circuit Court of Lake County, Illinois entitled *Edward T. Poloway v. Jeffrey E. Frederiksen, et al.,* No. 79 CH 257. In said proceeding, Jeffrey E. Frederiksen and Emerald City Corporation moved to disqualify the law firm of Howington, Elworth, Oswald and Hough for reasons similar to those argued in the instant Motion. Said Motion was denied. A similar Motion was filed by Jeffrey E. Frederiksen and Emerald City Corporation in an action before the United States District Court for the Northern District of Illinois, entitled *Jeffrey E. Frederiksen and Emerald City Corporation v. Edward T. Poloway,* No. 79 CH 3817. Said Motion was also denied and the action was subsequently dismissed.

Movants note that in both of the aforesaid proceedings, John Hough submitted an Affidavit which stated in part as follows:

14. Affiant has never directly or indirectly performed 'personal services' on behalf of Emerald City Corporation or Jeffrey E. Frederiksen.

15. At no time up to the date of this affidavit has affiant or his law firm represented any of Jeffrey E. Frederiksen, Helen R. Frederiksen, and Emerald City Corporation.

Movants further state that subsequent to this Affidavit, John Hough sent a letter requesting payment of legal fees by Jeffrey E. Frederiksen, Emerald City Corporation and others. They contend that this request for legal fees is a refutation of John Hough's statement in his Affidavit that he never represented Jeffrey E. Frederiksen, Helen R. Frederiksen or Emerald City Corporation, and that this new factor mandates that the instant Motion be granted.

This Court does not construe John Hough's request for payment of legal fees as an admission that he represented the Movants as their attorney. The request for payment may have been sent for other reasons. John Hough in his Answer to the Motion to Disqualify states that he requested payment from them not because he had been retained by them as their attorney, but because they received a benefit from the rendering of his services. Further, John Hough states that the attorneys for the Movants sent a reply letter denying the responsibility for any fees whatsoever. Accordingly, this Court finds that John Hough's letter requesting that Movants tender payment for legal fees does not constitute a new factor which justifies a finding that John Hough has previously acted as attorney for Emerald City Corporation and Jeffrey E. Frederiksen.

After considering all facts presented, this Court finds that Movants failed to establish that they are John Hough's former clients. This Court concludes that the continued representation of Edward T. Poloway does not constitute a violation of the Code of Professional Responsibility.

John Hough, in conjunction with his Answer to the Motion to Disqualify, filed a Motion seeking disciplinary action against Jeffrey E. Frederiksen, Helen R. Frederiksen and Emerald City Corporation pursuant to Rule 11 of the Federal Rules of Civil Procedure. Rule 11 provides in relevant part as follows:

The signature of an attorney constitutes a certificate by him that he has

read the pleading; that to the best of his knowledge, information and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of·this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. For a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action. Similar action may be taken if scandalous or indecent matter is inserted.

This Court concludes that the Motion of Jeffrey E. Frederiksen, Helen R. Frederiksen and Emerald City Corporation was not signed and filed with intent to defeat the purpose of Rule 11. Although this Court denies the Motion of Jeffrey E. Frederiksen, Helen R. Frederiksen and Emerald City Corporation to Disqualify, it does not find that said Motion constitutes a sham. Similarly, this Court does not find that the Motion of Jeffrey E. Frederiksen, Helen R. Frederiksen and Emerald City Corporation contains scandalous or indecent matter. Accordingly, no disciplinary action is appropriate pursuant to Rule 11 of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion of Jeffrey E. Frederiksen, Helen R. Frederiksen and Emerald City Corporation to Disqualify the law firm of Howington, Elworth, Osswald and Hough from further representing Edward T. Poloway be, and the same is hereby denied.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Motion of John Hough for Disciplinary Action against Jeffrey E. Frederiksen, Helen R. Frederiksen and Emerald City Corporation pursuant to Rule 11 of the Federal Rules of Civil Procedure be, and the same is hereby denied.